IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANIEL M. PASKINS, JR.,              )
                                     )
         Plaintiff,                  )
                                     )
    v.                               ) Civ. No.13-563-SLR
                                     )
CHARLES C. BROWN, et al.,            )
                                     )
         Defendants.                 )

**MEMORANDUM ORDER**

At Wilmington this ١ᵗʰ day of July, 2013, having screened the case pursuant to 28

U.S.C. § 1915(e)(2) and § 1915A(b);

IT IS ORDERED that: (1) the complaint is dismissed as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); and (2) the Clerk of Court is directed to

close the case, for the reasons that follow:

1. **Background**. Plaintiff Daniel M. Paskins, Jr. ("plaintiff"), an inmate at the

James T. Vaughn Correctional Center, Smyrna, Delaware, filed this complaint pursuant

to 42 U.S.C. § 1983.[1] He proceeds pro se and has been granted leave to proceed

without prepayment of fees.

2. **Standard of Review**. This court must dismiss, at the earliest practicable

time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to

state a claim, or seek monetary relief from a defendant who is immune from such relief.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for

2

failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff alleges that on December 13, 1993, defendant detective Charles C. Brown ("Brown") falsified an arrest warrant because it lacked probable cause, and he did not file the warrant through the magistrate court system, all in violation of plaintiff's right to due process. Plaintiff alleges that defendant prosecuting attorney Melanie Withers ("Withers") lied to the Court of Common Pleas on December 16, 1999 to conceal Brown's violations. Finally, plaintiff alleges that prosecuting attorney Christine Tunnell ("Tunnell") conspired with Brown and Withers when, on January 28, 1994, she had plaintiff arraigned on another man's charges and case.[3] Plaintiff seeks compensatory and punitive damages for his illegal confinement over the last nineteen years.[4]

---

[3]In 1994, plaintiff was convicted by a jury of four counts of robbery in the first degree and one count of possession of a deadly weapon during the commission of a felony in *State v. Paskins*, Del. Super., ID No. 9312003318. The convictions were affirmed on direct appeal, *Paskins v. State*, 1995 WL 120665 (Del. Mar. 15, 1995), and numerous motions for postconviction relief have been denied, *Paskins v. State*, 2 A.3d 74 (Del. Aug. 12, 2010) (table decision).

[4]On January 19, 2011, plaintiff's sentencing order was modified. The modification suspended all of the remaining Level V time of plaintiff's sentences and imposed a one-year period at Level IV home confinement followed by a four-year concurrent period at Level III probation. Plaintiff, however, was arrested on July 15, 2012, charged with driving under the influence of alcohol and, as a result of the arrest, charged with violating his probation. Upon a finding that plaintiff violated his probation, he was   sentenced to a total period of thirty-one years at Level V incarceration to be suspended entirely for one year at Level IV home confinement followed by a lengthy period of probation. *Paskins v. State*, 58 A.3d 983 (Del. Nov. 27, 2012) (table decision).

7. **Statute of limitations**. For purposes of the statute of limitations, § 1983

claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261,

275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period.

*See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996).

Section 1983 claims accrue "when the plaintiff knew or should have known of the injury

upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582,

599 (3d Cir. 1998).

8. The statute of limitations is an affirmative defense that generally must be

raised by the defendant, and it is waived if not properly raised. *See Benak ex rel.*

*Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14

(3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986).

"[W]here the statute of limitations defense is obvious from the face of the complaint and

no development of the factual record is required to determine whether dismissal is

appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v.*

*Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*,

435 F.3d 1252, 1258 (10th Cir. 2006)).

9. Plaintiff complains of acts taken by defendants in 1993 and 1994. Hence, it is

evident from the face of the complaint that plaintiff's complaint was not timely filed and

the claims are time-barred.[5] Therefore, the court will dismiss the complaint as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

---

[5]Plaintiff has been aware of these claims since at least 1996 as is evident from
his first motion for postconviction relief wherein he raises similar claims. *See Paskins v.*
*State,* 1996 WL 280782 (Del. Super. Apr. 22, 1996).

10. **Conclusion**.  For the reasons discussed above, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  The court finds amendment futile.  The clerk of court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE